**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

PAUL A. FIORAVANTI, JR.
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

June 1, 2021

Michael A. Pittenger, Esquire
T. Brad Davey, Esquire
Matthew F. Davis, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801

Alan D. Albert, Esquire
O'Hagan Meyer PLLC
800 N. King Street, Suite 303
Wilmington, DE 19808

Re: *Acero Capital, L.P. v. Swrve Mobile, Inc. et al.,*
C.A. No. 2020-0876-PAF

Dear Counsel:

Currently pending before the court is defendants' motion to dismiss pursuant to Court of Chancery Rule 12(b)(6). I have carefully reviewed the briefing and exhibits submitted in connection with the motion and have determined that oral argument is not necessary.

In support of their motion, defendants submitted three declarations and 32 exhibits. The declarations were executed by defendant Elizabeth A. Cleary, the chief executive officer of defendant Swrve Mobile, Inc. (the "Company'"), Jill Xu, the Company's director of finance, and Jonathan Lu, a director of defendant Passiflora Holdings, Inc. Dkt. 13 & 14.

In its Statement of Relevant Facts, defendants' opening brief does not reference a single paragraph of the complaint. Instead, it relies solely upon the factual narrative contained in the 42-paragraph Cleary declaration and the exhibits attached thereto. *See* Defs.' Opening Br. 4–14. Among the many documents relied upon in support of the motion is a purported stockholder written consent pursuant to 8 *Del. C.* § 228, dated December 18, 2019, which defendants claim ratified some of the conduct challenged in this action (the "Consent"). Cleary Decl. Ex. 2 & 3; Defs.' Opening Br. 26. The Consent, which was not a unanimous stockholder written consent, was not provided to plaintiff (a non-consenting stockholder) until December 14, 2020, when it was submitted with defendants' opening brief.[1]

Generally, matters outside the pleadings should not be considered in ruling on a motion to dismiss. *In re Santa Fe Pac. Corp. S'holder Litig.*, 669 A.2d 59, 69 (Del. 1995). Court of Chancery Rule 12(b) provides:

---

[1] *See* Pl.'s Answering Br. 12 n.32; *cf.* 8 *Del. C.* § 228(e) ("Prompt notice of the taking of the corporate action without a meeting by less than unanimous consent shall be given to those stockholders who have not consented . . . ."); *Riskin v. Burns*, 2020 WL 7861209, at *1–2 (Del. Ch. Dec. 31, 2020) (denying motion to dismiss when separate § 228(e) notices were five months and eight months delayed, respectively); *Di Loreto v. Tiber Holding Corp.*, 1999 WL 1261450, at *4–5 (Del. Ch. June 29, 1999) (finding five-month delay in delivering § 228(e) notice violated statute); *Espinoza v. Zuckerberg*, 124 A.3d 47, 57 (Del. Ch. 2015) ("[T]his Court has refused to make a written consent effective under Section 228 when the consenting stockholders failed to provide the required prompt notice to the non-consenting stockholders . . . .").

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Delaware recognizes three instances in which a court may consider documents outside the pleadings: (i) "when the document is integral to a plaintiff's claim and incorporated into the complaint," (ii) "when the document is not being relied upon to prove the truth of its contents," and (iii) when the trial court "take[s] judicial notice of matters that are not subject to reasonable dispute." *Windsor I, LLC v. CWCapital Asset Mgmt. LLC*, 238 A.3d 863, 873 (Del. 2020) (internal quotations and citations omitted).

Defendants' argument that all of the materials submitted with their opening brief are integral to the complaint does not pass the straight face test. The Consent, a purported tally of the underlying consents (Cleary Decl. Ex. 3), and minutes of an October 3, 2020 board of directors meeting (*id.* Ex. 19) are only a few of the documents that are not referenced in or integral to the complaint and are not proper to consider on a motion to dismiss.[2] Then there are the narrative declarations, upon

---

[2] *See, e.g.*, *Broadscale OC Investors L.P. v. Clayton*, C.A. No. 2020-0262-PAF, at 75–81 (Del. Ch. Oct. 15, 2020) (TRANSCRIPT) (converting motion to dismiss into motion for summary judgment and permitting discovery after defendants introduced and relied upon

which the entirety of defendants' factual recitation in the opening brief relies, instead of citing to any of the allegations of the complaint.[3]

It is clear that defendants "chose to make a motion for summary judgment in the guise of a Rule 12(b)(6) motion to dismiss." *Lavi v. Wideawake Deathrow Entm't, LLC*, 2011 WL 284986, at *1 (Del. Ch. Jan. 18, 2011). That tactical choice has consequences. To be sure, the court has, on many occasions, ignored improperly submitted materials on a Rule 12(b)(6) motion and proceeded to address the substantive merits of the motion.[4] But it also has found occasion not to do so.[5] This

---

a stockholder written consent that was not mentioned in the complaint and had not been previously provided to plaintiff).

[3] Defs.' Opening Br. 4–14; *see also, e.g.,* Cleary Decl. ¶ 13 (averring that Consent satisfied vote requirement under the certificate); *id.* ¶¶ 23–31 (describing details of the sale process); ¶¶ 36–37 (describing events at the board meeting where merger agreement was approved); Xu Decl. ¶ 5 (cited at Defs.' Opening Br. 23); Defs.' Opening Br. 25 (relying on exhibit to Xu Declaration to show paragraph 62 of the complaint is "simply wrong on the facts"); Defs.' Opening Br. 50 (relying on Lu Declaration); Defs.' Reply Br. 19 (relying on Xu Declaration and exhibits thereto to contest allegations that the transaction was a change in control event that constituted a deemed liquidation event under the certificate).

[4] *See, e.g.*, *In re CBS Corp. S'holder Class Action and Deriv. Litig.*, 2021 WL 268779, at *19 (Del. Ch. Jan. 27, 2021) (electing to address motions to dismiss despite the voluminous extraneous matter in support thereof); *BrandRep, LLC v. Ruskey*, 2019 WL 117768, at *6 n.60 (Del. Ch. Jan. 7, 2019) (refusing to consider defendant's affidavit on a motion to dismiss); *Addy v. Piedmonte*, 2009 WL 707641, at *6 (Del. Ch. Mar. 18, 2009) (refusing to consider defendant's affidavit on a Rule 12(b)(6) motion).

[5] *See, e.g.*, *Black v. Gramercy Advisors, LLC*, 2007 WL 2164286, at *1 (Del. Ch. July 23, 2007) (denying reargument on decision that converted a motion to dismiss into a motion for summary judgment); *Peoples Sec. Life Ins. Co. v. Fletcher*, 1988 WL 26791, at *1 (Del. Ch. Mar. 16, 1988) (converting Rule 12(b)(6) motion into motion for summary judgment because defendant submitted and relied on affidavits in bringing the motion); *Kramer v.*

case belongs in the latter category. "It [is] not the court's duty to wade through the defendants' voluminous submissions, to search for arguments or subarguments that could be decided on the basis of the well pleaded facts of the complaint alone." *Black*, 2007 WL 2164286, at \*1; *see also Lavi*, 2011 WL 284986, at \*1 ("[T]he defendant in its reply asks me to pick through a huge pile of exhibits—many of which are in no way subject to judicial notice—and choose what might be appropriate for consideration on a Rule 12(b)(6) motion.").

The court will dispose of defendants' motion to dismiss after all parties have had a reasonable opportunity to conduct discovery and present the materials pertinent to such a motion in conformity with Rule 56. *See Black*, 2007 WL 2164286, at \*1.

**IT IS SO ORDERED**.

Very truly yours,

*/s/ Paul A. Fioravanti, Jr.*

Vice Chancellor

---

*W. Pac. Indus., Inc.*, 1987 WL 17043, at \*1 (same), *aff'd*, 546 A.2d 348 (Del. 1988); *Strauss v. Silverman*, 1977 WL 5177, at \*1 (Del. Ch. Aug. 25, 1977 (same); *Kessler v. Copeland*, 2005 WL 396358, at \*4–5 (Del. Ch. Feb. 10, 2005) (same); *Dawson v. Pittco Cap. P'rs, L.P.*, C.A. No. 3148-VCN, at 37 (Del. Ch. Dec. 7, 2007) (TRANSCRIPT) (same); *Montgomery v. Erickson Air-Crane, Inc.*, C.A. No. 8784-VCL, at 62–63 (Del. Ch. Apr. 15, 2014) (TRANSCRIPT) (same).